1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONALD OLIVER HOOKER,

11          Plaintiff,                    No. CIV S-11-0899 LKK CKD P

12      vs.

13   T. KIMURA-YIP, et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to

24   collect an initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

25   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

26   preceding month's income credited to plaintiff's prison trust account.  These payments will be

1

1  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

2  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3          The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16          A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must

19  contain something more...than...a statement of facts that merely creates a suspicion [of] a legally

20  cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure

21  1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter,

22  accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___

23  U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A

24  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

25  the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

26  \\\\

1        In reviewing a complaint under this standard, the court must accept as true the

2  allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

4  doubts in the plaintiff's favor.   <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

5        Plaintiff alleges that defendants were deliberately indifferent to his serious

6  medical needs in violation of the Eighth Amendment.   He claims that, in 2000, he was told by

7  High Desert State Prison (HDSP) medical staff that he had high cholesterol, and two years later,

8  was prescribed Lovastatin for this condition.  (Dkt. No. 1 at 10.)  In 2007, medical staff "took

9  plaintiff off . . . Lovastatin, and placed him on Simvastatin.  As a result of [his] negative reaction

10  to this medication, HDSP medical staff [] told plaintiff to stop taking Simvastatin."  (<u>Id</u>.)  In

11  September 2008, plaintiff lodged an administrative grievance stating that, since he was told to

12  stop taking Simvastatin, he had not been given any cholesterol medication, and asked "[t]o be

13  seen by HDSP medical staff[] "regarding this situation." (<u>Id</u>. at 10, 31.)  This appeal was granted.

14  (<u>Id</u>. at 10, 23.)  In October 2008, plaintiff filed another appeal stating that he had not received any

15  cholesterol medication in 2008 and his last "blood test had abnormalities."  (<u>Id</u>. at 11, 23.)  This

16  appeal was granted by defendant Nepomuceno, and medical staff agreed to restart plaintiff's

17  cholesterol medication.  (<u>Id</u>. at 11, 28.)  In December 2008, plaintiff filed a third appeal stating

18  that his medication was expired and his scheduled laboratory test had not occurred.  This appeal

19  was partially granted; plaintiff's medication was reordered and his laboratory test was

20  rescheduled.  (<u>Id</u>. at 11, 23-24.)  In January 2009, plaintiff filed a Director's Level appeal

21  claiming that his current cholesterol medication, Niacin, had severe side effects, and that he had

22  not yet received his quarterly blood draw.  (<u>Id</u>. at 13, 24.)  In his October 2009 decision denying

23  this appeal, defendant Kimura-Yip noted that "[o]ver the past several months, progress notes

24  indicated that you were essentially without any significant problems."  (<u>Id</u>. at 24.)

25        Denial or delay of medical care for a prisoner's serious medical needs may

26  constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  <u>Estelle v.</u>

1  Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the

2  individual is deliberately indifferent to a prisoner's known serious medical needs.  Id.; see Jett v.

3  Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir.

4  2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000). To establish deliberate

5  indifference, an individual defendant must have "purposefully ignore[d] or fail[ed] to respond to

6  a prisoner's pain or possible medical need."  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.

7  1992) overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.

8  1997).  "Mere negligence in diagnosing or treating a medical condition, without more, does not

9  violate a prisoner's Eighth Amendment rights."  Id. at 1059.  "A difference of opinion between a

10  prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983

11  claim."  Franklin v. Or. State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981).  Furthermore,

12  where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the

13  prisoner must show that the delay caused "significant harm and that Defendants should have

14  known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.  Mere

15  delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical

16  indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

17         Here, assuming arguendo that plaintiff's high cholesterol constitutes a serious

18  medical need, he has not alleged deliberate indifference by any named defendant.  His allegations

19  amount to mere dissatisfaction with his course of treatment, including a gap in his medication

20  that was addressed through the administrative grievance process.  Plaintiff has not shown that

21  this gap between his second and third types of cholesterol medication (prescribed in 2007 and

22  2008, respectively) caused him significant harm.  Nor has he alleged that the delay of his

23  quarterly blood draw caused him harm.  Plaintiff's assertion that high cholesterol "can lead to

24  heart attack, that may produce death, degeneration, or extreme pain" does not fulfill this pleading

25  requirement.  (Id. at 15.)  Accordingly, plaintiff's complaint must be dismissed for failure to state

26  a cognizable § 1983 claim.

4

1   Plaintiff will be granted leave to file an amended complaint within 30 days of

2   service of this order.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how

3   the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.

4   See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific

5   terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983

6   unless there is some affirmative link or connection between a defendant's actions and the

7   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633

8   F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

9   Furthermore, vague and conclusory allegations of official participation in civil rights violations

10  are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11  In addition, plaintiff is informed that the court cannot refer to a prior pleading in

12  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

13  complaint be complete in itself without reference to any prior pleading.  This is because, as a

14  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

15  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

16  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

17  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

18  In accordance with the above, IT IS HEREBY ORDERED that:

19  1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

20  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

21  All fees shall be collected and paid in accordance with this court's order to the Director of the

22  California Department of Corrections and Rehabilitation filed concurrently herewith.

23  3.  The complaint (Dkt. No. 1) is dismissed for the reasons discussed above, with

24  leave to file an amended complaint within thirty days from the date of service of this order.

25  \\\\

26  \\\\

1    Failure to file an amended complaint will result in a recommendation that the action be

2    dismissed.

3

4      Dated: December 22, 2011

5                                                        _____

6                                                        CAROLYN K. DELANEY
                                                         UNITED STATES MAGISTRATE JUDGE
7

8    2
9    hook0899.B

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26