IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD OLIVER HOOKER,

    Plaintiff,                    No. 2:11-cv-0899 LKK CKD P

    vs.

T. KIMURA-YIP, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on April 4, 2011. (Dkt. No. 1.) On June 11, 2012, plaintiff filed a First Amended Complaint ("FAC") pursuant to the court's screening order of December 22, 2011. (Dkt. No. 27.)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.
8       A complaint must contain more than a "formulaic recitation of the elements of a
9 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must
11 contain something more...than...a statement of facts that merely creates a suspicion [of] a legally
12 cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure
13 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter,
14 accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___
15 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A
16 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
17 the reasonable inference that the defendant is liable for the misconduct alleged."  Id.
18       In reviewing a complaint under this standard, the court must accept as true the
19 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
20 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
21 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
22 I. Allegations
23       Plaintiff alleges that defendants were deliberately indifferent to his serious
24 medical needs in violation of the Eighth Amendment.  His allegations are very similar to those in
25 the original complaint.  (See Dkt. No. 13 at 3.)  Specifically, plaintiff asserts that his medical
26 treatment for high cholesterol over the course of several years fell below constitutional standards.

He was diagnosed with this condition in 2000 at High Desert State Prison (FAC, ¶ 8); prescribed medication in 2004 (id., ¶10); received normal lipid test results in 2004 and 2006 (id., ¶¶15, 18.); had his dose of medication doubled in 2007 to determine whether this would raise his "good cholesterol" level (id., ¶ 19); and received normal lipid test results in 2007 (id., ¶ 20).

In 2007, plaintiff was prescribed a different medication for high cholesterol and complained of side effects. (Id., ¶¶ 21-22.) Plaintiff was temporarily taken off medication, and tested for higher than normal "bad cholesterol" in June 2007. (Id., ¶ 24.)

In October 2008, after filing a grievance on this subject, plaintiff was seen by a doctor and prescribed a third medication, along with aspirin. (Id., ¶¶26-30.) In December 2008, plaintiff filed a grievance stating that his medication was limited and expired, and his recent blood test has not been completed. (Id., ¶ 31.) More medication was ordered and plaintiff's blood test was rescheduled. (Id., ¶ 32.) In January 2009, plaintiff filed a grievance asserting that the medication he had been prescribed "aren't medications, that I am aware, . . . used for lowering cholesterol, these medications . . . are associated with lowering heart attacks." He also claimed that the prescribed medication was "too powerful for my system" and caused various side effects. He requested his original medication. (Id., ¶ 33.)

In February 2009 and again in June 2009, plaintiff's lipid test results showed higher than normal "bad cholesterol." (Id., ¶¶ 34, 35.) In an October 2009 Director's Level Review of plaintiff's administrative appeals, defendant Kimura Yip stated: "Over the past several months, progress notes indicated you were essentially without significant problems." (Id., ¶ 36.) A September 2010 lipid test indicated normal results. (Id., ¶ 37.) In January 2012, plaintiff was transferred to another institution. (Id., ¶ 45.)

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's known serious medical needs. Id.; see Jett v.

3

Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000). To establish deliberate indifference, an individual defendant must have "purposefully ignore[d] or fail[ed] to respond to a prisoner's pain or possible medical need." McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Id. at 1059. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Or. State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981). Furthermore, where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060. Mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

As in the original complaint, assuming arguendo that plaintiff's high cholesterol constitutes a serious medical need, he has not alleged deliberate indifference by any named defendant. While plaintiff's allegations are organized and detailed, they do not state a constitutional claim for medical indifference. Rather, they show that medical staff regularly tested plaintiff's cholesterol levels and prescribed medication to treat his high cholesterol over the course of several years. His allegations amount to mere dissatisfaction with his course of treatment. Plaintiff has not shown that any of the alleged actions caused him significant harm.

Citing the Plata litigation[1], plaintiff also seeks injunctive relief "in the form of

---

[1] Plaintiff cites Plata v. Schwarzenegger, No. C–01–1351 THE (N.D. Cal. 2001), a class action. When initially filed, the Plata class included all inmates incarcerated in California prisons, except those inmates at Pelican Bay State Prison which was under the court's jurisdiction in a separate action. Plata, No. C01–1351 THE, 2009 WL 799392, at *1 n.2. (N.D. Cal. March 24, 2009). On June 6, 2008, at the stipulation of the parties, the plaintiff class was expanded to

being provided health care that meets established professional standards[.]" (FAC at 4, 35.) The court understands plaintiff to allege that defendants violated the federal class action lawsuit agreements in Plata by showing deliberate indifference to his serious medical needs. However, plaintiff may not pursue a claim in this action based on the alleged failure of CDCR officials to comply with the Plata settlement agreement. Remedial orders issued in the Plata case do not provide plaintiff with an independent cause of action under section 1983 because the orders do not have the effect of creating or expanding plaintiff's constitutional rights. Cagle v. Sutherland, 334 F.3d 980, 986–87 (9th Cir. 2003) (consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights); Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir.1986) (remedial decrees remedy constitutional violations but do not create or enlarge constitutional rights). See also Yocom v. Grounds, 2012 WL 2254221, *6 (N.D. Cal. 2012) (same); Brown v. Brown, 2012 WL 2116575, *3 (E.D. Cal. 2012) (where § 1983 plaintiff alleges defendant is violating the Plata settlement, "[p]laintiff must assert such a claim in Plata via a class representative or obtain permission to intervene."). Accordingly, and for the reasons discussed above, plaintiff fails to state a claim for injunctive relief under Plata.

II. Futility of Amendment

Under Federal Rule of Civil Procedure 15(a)(2), federal courts are instructed to "freely give leave [to amend] when justice so requires." A district court, however, may in its discretion deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

---

include inmates housed at Pelican Bay State Prison. Id. (Footnote cont'd, next page.)
   In 2011, the United States Supreme Court upheld the decision of a Ninth Circuit panel in Plata, aff'd in part, 603 F.3d 1088 (9th Cir. 2010), that identified overcrowding as the primary cause of the inadequacies in the mental and medical health care in prison and issued a remedial order requiring California to reduce the prison population to 137.5% of the prisons' design capacity within two years. See Brown v. Plata, ─── U.S. ───, ─── – ───, 131 S.Ct. 1910, 1922–28 (2011). Meanwhile, Coleman v. Wilson, 912 F.Supp. 1282 (E.D.Cal.1995), which involved a class of prisoner-plaintiffs with serious mental disorders, has been consolidated with the Plata case.

1 prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of
2 amendment.'" Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009).

3       Here, it appears that a second round of amendment would be futile.  Twice,
4 plaintiff has set forth his allegations with clarity and thoroughness, and they simply do not rise to
5 the level of a federal constitutional claim.  It is not clear what more plaintiff could do to cure the
6 defects of the FAC based on the underlying facts alleged.  Accordingly, the undersigned will
7 recommend dismissal of this action with prejudice.

8       In accordance with the above, IT IS HEREBY RECOMMENDED THAT the First
9 Amended Complaint (Dkt. No. 27) be dismissed with prejudice.

10       These findings and recommendations are submitted to the United States District
11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
12 one days after being served with these findings and recommendations, any party may file written
13 objections with the court and serve a copy on all parties.  Such a document should be captioned
14 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
15 shall be served and filed within fourteen days after service of the objections.  The parties are
16 advised that failure to file objections within the specified time may waive the right to appeal the
17 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 13, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
hook0899.FAC