1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DONALD OLIVER HOOKER,                        No.  2:11-cv-0899 LKK CKD P

12                   Plaintiff,

13         v.                                      ORDER

14    T. KIMURA-YIP, et al.,

15                   Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18    under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to

19    28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20         On September 14, 2012, the magistrate judge filed findings and recommendations herein

21    which were served on plaintiff and which contained notice to plaintiff that any objections to the

22    findings and recommendations were to be filed within fourteen days.  Plaintiff has filed

23    objections to the findings and recommendations.

24         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

25    court has conducted a de novo review of this case.

26         The magistrate judge recommends dismissal of plaintiff's first amended complaint with

27    prejudice for failure to state a claim upon which relief may be granted.  For the following reasons,

28    the court declines to adopt the magistrate judge's recommendation.

                                                  1

The claims raised in plaintiff's first amended complaint, filed June 11, 2012, center on alleged deliberate indifference to plaintiff's serious medical need for monitoring and treatment of hyperlipidemia.  In relevant part, plaintiff alleges that he has a history of high cholesterol and elevated triglycerides.[1]  He was placed in the Cardiovascular Chronic Care Program at High Desert State Prison (High Desert).  Plaintiff's elevated cholesterol and triglycerides were managed well with Lovastatin.  In 2007, his medication was changed to another medication, Simvastatin.  Without medication, plaintiff's total cholesterol level and his LDLs rose above normal.  Plaintiff was without medication from April 2007 until October 2008.  In October 2008, plaintiff was prescribed 500 mg of Niacin twice a day and 81 mg of aspirin twice a day.  The Niacin caused significant side effects.  In February 2009, plaintiff's total cholesterol, triglycerides, and LDLs were all above normal levels.  Plaintiff's lipid levels returned to normal in September 2010, while he was taking the prescribed Niacin and aspirin.  Plaintiff transferred to California State Prison-Corcoran (Corcoran) in February 2011, and to California State Prison-Los Angeles County (CSP-LAC) in January 2012.  Plaintiff had no fasting blood screening while he was at Corcoran, and, at the time the first amended complaint was filed in June 2012, had not had a fasting blood screening at CSP-LAC.  Plaintiff's aspirin dosage was cut in half by a physician at CSP-LAC.  Plaintiff claims that his rights under the Eighth Amendment have been and continue to be violated by deliberate indifference to the need for proper screening and treatment of his high cholesterol and hyperlipidemia.[2]  He seeks injunctive relief and money damages.

---

[1] In his objections, plaintiff contends that he has been diagnosed with coronary heart disease (CHD).

[2] Throughout the first amended complaint, plaintiff cites repeatedly to a consent decree in Plata v. Brown, No. C01-1351 TEH.  The magistrate judge finds that plaintiff has "failed to state a claim for injunctive relief under Plata."  Findings & Recommendations (ECF No. 28) at 5.  In his objections, plaintiff asserts that he is not attempting to state a claim directly under Plata, but that evidence of non-compliance with relevant remedial orders in Plata is evidence of deliberate indifference.   The question of the evidentiary weight to be given remedial orders or guidelines established in Plata in determining the adequacy of care provided to plaintiff is not before the court at this time.  The court is constrained to observe that the magistrate judge's truncated description of the history that led to the decision of the United States Supreme Court in Brown v. Plata, ___ U.S. ___, 131 S.Ct. 1910 (2011) erroneously suggests that the Plata class action and the Coleman class action have been consolidated.  The two actions remain separate and ongoing class actions concerning, respectively, the constitutional adequacy of the delivery of medical and

2

1    The court agrees with the magistrate judge's findings that the allegations of the first

2    amended complaint of events through 2011 do not state a claim for violation of plaintiff's Eighth

3    Amendment rights based on deliberate indifference to his serious medical needs, that those

4    allegations reflect at most disagreement with the course of his treatment, and that there is no

5    showing of cognizable harm through the time of plaintiff's transfer to Corcoran.  The court

6    cannot, however, adopt the recommendation to dismiss this action without leave to amend and

7    with prejudice at this time.

8        "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear

9    on de novo review that the complaint could not be saved by amendment."  Eminence Capital,

10   LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  As noted above, plaintiff alleges in his

11   first amended complaint that he had not received a fasting cholesterol screening since at least

12   February 2011.  In his objections, plaintiff states that, while he has been continuously receiving

13   cholesterol medication since his arrival at CSP-LAC, he asserts that he still has not received any

14   blood lipid tests to date.[3]  Liberally construed, the court cannot find with certainty that plaintiff

15   could not state a viable Eighth Amendment claim based on the alleged failure to provide ongoing

16   monitoring of plaintiff's cholesterol and lipid levels since February 2011.[4]

17       Accordingly, IT IS HEREBY ORDERED that:

18       1.  The findings and recommendations filed September 14, 2012, are adopted in part; and

19       2.  The First Amended Complaint (Dkt. No. 27) fails to state a claim against any

20   defendant named therein based on events that predated plaintiff's transfer to California State

21   Prison-Corcoran in February 2011 and is therefore dismissed with leave to amend;

22       3.  Plaintiff is granted thirty days from the date of this order in which to file a Second

23

24   mental health care to inmates in California's prisons.
     [3] Plaintiff  has named a Doe defendant at CSP-LAC as a party defendant.  In order to proceed
25   further with this action he will have to name one or more individual defendants at CSP-LAC who
     have caused or contributed to an alleged violation of plaintiff's Eighth Amendment rights.
26   [4] Plaintiff is reminded that the Eighth Amendment is only violated by deliberate indifference to
27   serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  "Mere 'indifference,'
     'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter
28   Lab., 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.

3

1   Amended Complaint raising only Eighth Amendment claims based on allegations of events that

2   occurred on or after his transfer to California State Prison-Corcoran in February 2011 and naming

3   individual(s) in place of the Doe defendant at California State Prison-Los Angeles County;

4   plaintiff's Second Amended Complaint shall comply with the requirements of the Civil Rights

5   Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the Second Amended

6   Complaint must bear the docket number assigned this case and must be labeled "Second

7   Amended Complaint"; failure to file a Second Amended Complaint in accordance with this order

8   may result in the dismissal of this action; and

9        4.  This matter is referred back to the assigned magistrate judge for further proceedings.

10       DATED:  December 4, 2013.

11

12

13   _____
     LAWRENCE K. KARLTON
14   SENIOR JUDGE
     UNITED STATES DISTRICT COURT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

4