UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD OLIVER HOOKER, | No.  2:11-cv-0899 LKK CKD P |
| Plaintiff, | |
| v. | ORDER |
| T. KIMURA-YIP, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 2, 2014, plaintiff filed a document styled "Motion for Leave to Expand the Second Amended Complaint."  (ECF No. 46.)  The court construes this document as a motion for reconsideration of this court's December 5, 2013 order (ECF No. 45).

In that order, the court granted plaintiff thirty days "in which to file a Second Amended Complaint raising only Eighth Amendment claims based on allegations of events that occurred on or after his transfer to California State Prison-Corcoran in February 2011 and naming individuals in place of the Doe defendant at California State Prison-Los Angeles County . . . [.]"  (ECF No. 45 at 3-4) (emphasis added).  The court agreed with the magistrate judge's findings that "the allegations of the first amended complaint of events through 2011 do not state a claim for

1

violation of plaintiff's Eighth Amendment rights based on deliberate indifference to his serious medical needs," and thus limited the scope of the Second Amended Complaint as set forth above. (Id. at 3.)

By his motion for reconsideration, plaintiff seeks leave to include in the second amended complaint allegations of alleged deliberate indifference to his need for adequate medical care for hyperlipidemia during the period between June 2007 and September 2010 when plaintiff was incarcerated at High Desert State Prison (High Desert). A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263.

Plaintiff seeks reconsideration on the ground that the delays in cholesterol screening and treatment with medication during the period plaintiff was at High Desert were as significant as those he has allegedly suffered while at California State Prison-Corcoran and California State Prison-Los Angeles County. However, in the amended complaint plaintiff alleges that on September 24, 2010, his lipid tests were normal and prior to this test he was "taking 500 mg. of Niacin and 81 mg. of Aspirin, twice daily." Amended Complaint, filed June 11, 2012 (ECF No. 27) at 18-19. Plaintiff does not allege any adverse medical consequences as a result of the alleged delays in necessary care at Susanville, and he alleges that before he left High Desert his cholesterol was normal and he was on medication. For that reason, the limitations in the December 5, 2013 order were neither clearly erroneous nor manifestly unjust and plaintiff's motion will be denied. Plaintiff will be granted an additional thirty days to file a second amended complaint that complies with the terms of the December 5, 2013 order.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for leave to expand the second amended complaint (ECF No. 46) is denied; and

/////

2. Plaintiff is granted thirty days from the date of this order in which to file a Second Amended Complaint. Failure to file a Second Amended Complaint in accordance with the requirements of this order and the December 5, 2013 order may result in dismissal of this action.

DATED: April 9, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT